{¶ 28} I concur in the majority's analysis and disposition of appellant's first assignment of error. I write separately to note I find Ms. Steinbach's testimony, when offered without instruction as to its limited permissible use, constituted hearsay.[3] However, I agree with my colleagues, because the testimonial evidence was cumulative to Dr. Hornbeck's and Nurse Abbott's testimony, appellant was not materially prejudiced by its erroneous admission.
 {¶ 29} I also concur in the majority's disposition of appellant's second assignment of error. I would not do so under an analysis of R.C.2907.05(D); rather, I find no abuse of discretion in excluding this evidence under Evid. R. 403 (A).
[3] Instructing the jurors the statements were merely allegations is not the same as instructing the jury the statements can not be considered substantive evidence of the defendant's guilt. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1